Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff

**12 CIV 4754**

**JUDGE NATHAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY STYLES 313, LLC and MICHAEL ANTHONY LEONARD II, both individually and d/b/a WWW.CITYSTYLE313.COM; UNKNOWN WEBSITES 1-10; "JOHN DOES" 1-10; and UNKNOWN ENTITIES 1-10 <br><br> Defendants. | CASE NO. <br><br> TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD BE ISSUED; EXPEDITED DISCOVERY ORDER; ASSET RESTRAINING ORDER; AND ORDER TEMPORARILY SEALING THE COURT FILE |

WHEREAS, this matter comes before the Court on Plaintiff Rolex Watch U.S.A., Inc. ("Rolex's") *ex parte* application. Upon a review of the pleadings, moving declarations and evidence presented by Rolex, the Court makes the following findings of fact and conclusions of law:

A. Rolex has proffered evidence that it is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| AIR-KING | 2,953,542 | 5/17/05 | Watch and watch parts thereof. |
| ♛ <br> CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER | 2,518,894 | 12/18/01 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| ROLEX DEEP SEA | 3,709,603 | 10/27/09 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |

(Hereinafter collectively referred to as "Rolex's Registered Trademarks".)

B. Rolex has proffered evidence that it distributes authorized merchandise bearing Rolex's Registered Trademarks in the United States.

C. Rolex has proffered evidence that Defendants City Styles 313, LLC and Michael Anthony Leonard II ("Defendants") have imported, manufactured, advertised, promoted, offered for sale, sold and/or distributed watches using counterfeits, reproductions, copies, and/or colorable imitations of Rolex's Registered Trademarks on the Internet.

D.  Rolex has proffered evidence that Defendants are not now, nor has they ever been, authorized or licensed to use, reproduce, or make counterfeits, copies, reproductions, and/or colorable imitations of Rolex's Registered Trademarks.

E.  Rolex has a very strong probability of proving at trial that Defendants use and/or used counterfeits of Rolex's Registered Trademarks in connection with the sale, offering for sale, or distribution of goods or service.

F.  Rolex will suffer immediate and irreparable injury if such an order is not granted.

G.  The harm to Rolex of denying the application outweighs the harm to the legitimate interests of Defendant.

H.  ~~[AJN]~~ There is a danger that Defendants or persons acting in concert with such Defendants, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if Rolex were to proceed on notice.

I.  The public interest favors issuance of this order.

J.  For all the foregoing reasons, an order other than an *ex parte* order is not adequate to achieve the purposes of 15 U.S.C. §1114.

THEREFORE, it is hereby:

ORDERED that Defendants show cause before this Court at United States Courthouse, 500 Pearl Street, New York, NY on the **2nd** day of **July**, 2012 at **3:30** o'clock **pm** in Courtroom **12D**, or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, should not be issued enjoining Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them, pending the final hearing and determination of this action.

(a)     using any reproduction, counterfeit, copy, or colorable imitation of Rolex's Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b)     using a false description or representation including words or other symbols tending to falsely describe or represent his unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(c)     further infringing Rolex's Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(d)     using any simulation, reproduction, counterfeit, copy or colorable imitation of Rolex's Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(e)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, ~~which can or is likely to~~ with the intent to lead the trade or public, or individual members

thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant is in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(f) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe Rolex's Registered Trademarks; and

(g) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f).; and it is further

ORDERED that pending the hearing and determination of Rolex's motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Rolex; and it is further

ORDERED that pursuant to 15 U.S.C. § 1116(d)(10)(B) and Fed.R.Civ.P. 30 and 34, Rolex be given expedited discovery of Defendants with respect to the manufacture, receipt and sale of merchandise, containers, promotional materials and labels bearing Rolex's trademarks including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such

trademarks ordered in inventory and sold by Defendants, and other matters relevant to this action and that such Defendants must respond to written discovery requests within three (3) days of service and appear for depositions no later than one (1) day prior to the show cause hearings scheduled herein; and it is further

ORDERED that Rolex shall post a bond in any form approved by the Clerk of the Court in the sum of $~~$5,000.00~~ $25,000 as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby and it is further

ORDERED that answering papers, if any, be personally filed with this Court with courtesy copies for Chambers and personally served upon Rolex's counsel, Gibney, Anthony & Flaherty, LLP, at their offices at 665 Fifth Avenue, 11th Floor, New York, NY 10022, on or before JUNE 28, 2012 at 5 o'clock pm; and it is further

ORDERED that Defendants' failure to attend the show cause hearings scheduled herein may result in the immediate issuance of the preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and may extend during the pendency of this suit the same injunctive relief previously granted by the temporary restraining order; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or has not objected, to the Preliminary Injunction; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, including without limitation PayPal accounts, Western Union accounts or other merchant account providers, payment providers, or third party processors or for any Defendants who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants and be temporarily restrained and enjoined from transferring or disposing of any money, stocks or other of Defendants' assets, without prior approval of the Court, except as to Defendants that file with the Court and serve upon Rolex's counsel:

    (1)    an accounting of any and all Defendants' assets located in the United States having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

    (2)    uncontradicted documentary proof accepted by Rolex, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendants; and it is further

~~ORDERED, that Defendants' Internet Service Provider and/or Registrar cancel or place on Registry Hold Status the domain name www.citystyle313.com used by Defendants to engage in his illegal activities concerning the Rolex Registered Trademarks.~~

~~ORDERED, that Facebook, Inc. disable any account(s) registered to the username "CityStyle313.com" used by Defendants to engage in their illegal activities concerning the Rolex Registered Trademarks.~~

- 7 -

ORDERED, that this action shall remain sealed by the Court until ~~the date for hearing on the Order to Show Cause set forth above~~ service is completed upon the Defendants, at which time the Clerk shall remove the seal. Plaintiff shall docket an affidavit of service immediately upon effectuating service.

ORDERED, that service of this order along with the underlying papers including the Summons and Complaint shall be deemed sufficient and proper if served upon Defendants personally by or within three (3) business days after the issuance of this Order. If service cannot be timely effected in this manner, Plaintiff shall move for alternative service. ~~service shall be deemed sufficient and proper if made via e-mail to dollamann1@gmail.com; realdealglobal@gmail.com and/or info@citystyle313.com and by Overnight Mail to Defendants' last known home address.~~

Dated: June 19, 2012
5:50 p.m.
New York, NY

_____
UNITED STATES DISTRICT COURT JUDGE

- 8 -